RICHARD A. VAZQUEZ (9128)
LEVI J. CLEGG (11543)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah  84145-5000
Telephone: (801) 521-9000
Facsimile:  (801) 363-0400

*Attorneys for Plaintiff Canal Indemnity Company*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,

CENTRAL DIVISION

| | |
|---|---|
| CANAL INDEMNITY COMPANY, a South Carolina Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TROPHY HOMES, LC, a Utah Limited Liability Company; NORTHMOOR DEVELOPMENT, LC, a Utah Limited Liability Company; AARON SMITH and JENNICA SMITH, individually and behalf of E.S., a minor; E.B., a minor; N.S., a minor; and F.B., a minor;<br><br>Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**(JURY DEMANDED)**<br><br><br>Civil No.: 2:10 CV 00844 SA<br><br>Magistrate Judge Samuel Alba |

Plaintiff Canal Indemnity Company ("Canal") complains, and seeks a declaratory judgment as follows:

## PARTIES

1. Canal is a South Carolina corporation authorized to do business and write insurance policies in the State of Utah. Canal issued Commercial General Liability Policy No. PDG03013101 (effective from 2/5/07 through 2/5/08) and Commercial General Liability Policy No. PDG03034101 (effective from 2/5/08 through 2/5/09) (collectively referred to herein as the "Policies") to defendants Trophy Homes, LC and Northmoor Development, LC that were in effect at the times relevant to this declaratory action. True and correct copies of the Policies are attached hereto as Exhibit A, and are incorporated by reference herein.

2. Defendant Trophy Homes, LC ("Trophy") is a Utah Limited Liability Company with its principal place of business in Orem, Utah. At the times relevant to this declaratory action, Trophy was a contractor and developer of residential homes.

3. Defendant Northmoor Development, LC ("Northmoor") is a Utah Limited Liability Company with its principal place of business in Orem, Utah. At the times relevant to this declaratory judgment Northmoor was, among other things, a residential home contractor.

4. Defendants Aaron Smith and Jennica Smith are individuals residing in Utah County, Utah. Defendants E.S., E.B. , N.S., and F.B. are minors and the natural or custodial children of Jennica Smith and / or Aaron Smith, who also reside in Utah County, Utah (referred to collectively as the "Smiths" hereafter).

5. There is complete diversity of citizenship among plaintiff and all defendants.

6. Jurisdiction is therefore proper in this Court pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and pursuant to 28 U.S.C. § 1332.

7. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

8. Utah law applies to this declaratory action.

9. On or about July 7, 2010, the Smiths filed a Third Amended Complaint in the Fourth Judicial District Court of Utah County in Provo, Utah against Trophy, Northmoor, and Tri-Equity Builders, LLC alleging damages arising from various representations, acts, omissions, and construction defects attributable to Trophy, Northmoor, and Tri-Equity Builders, LLC, *See Smith. v. Trophy Homes, LLC, et. al.*, Case No. 090404637, Fourth Judicial District Court of Utah County, Provo, Utah (the "Amended Complaint").

10. A true and correct copy of the Amended Complaint is attached as Exhibit B, and is incorporated by reference herein.

11. The Amended Complaint sets forth numerous allegations of mold-related damages attributable to construction defects and warranty breaches associated with the construction of the Smiths' home.

12. Canal has appointed counsel to defend Trophy and Northmoor under a full reservation of rights in the *Smith* action.

13. Canal seeks a declaration that it has no duty under Utah law and under the Policies it issued to defend or indemnify Trophy and Northmoor for the claims and damages sought under the Amended Complaint.

## FIRST CAUSE OF ACTION
### Declaratory Relief

14. Canal incorporates the allegations included in paragraphs 1 through 13 by this reference.

15. An actual and justiciable controversy has arisen between the parties regarding their respective rights and obligations under the Policies and whether the Policies provide coverage under the allegations set forth in the Amended Complaint.

16. There is no adequate remedy by which these controversies may be resolved other than the relief requested herein.

17. Canal contends that it has no duty to defend, indemnify, or otherwise extend coverage to Trophy or Northmoor for the damages sought through the Amended Complaint.

18. Defective products and/or work do not qualify as "occurrences" under Utah law and the insuring agreements; therefore, Canal's obligations to defend and indemnify Trophy and Northmoor for the damages sought by the Smiths through the Amended Complaint are not triggered.

19. The Policies also contain specific exclusions barring coverage for "bodily injury" or "property damage" related to "fungi or bacteria;" for "bodily injury" or "property damage" related to "exterior finish and insulation systems;" for "bodily injury" and "property damage" included within the "products completed operations hazard;" for "bodily injury" or "property damage" related to "construction management errors and omissions;" for "bodily injury" or "property damage" related to "professional liability;" for "bodily injury" or "property damage" related to "continuous or progressive damage;" for "bodily injury" or "property damage" related to "contractual liability;" for damage to "your work;" for damage to "impaired property;" and for damage to "your product," all or some of which serve to exclude coverage for some or all of the alleged losses and damages sought to be recovered by the Smiths through the Amended Complaint.

20. The Policies also contain other language which operates to abrogate coverage for some or all of the alleged losses and damages sought to be recovered by the Smiths through the Amended Complaint.

21. Canal therefore respectfully requests that this Court adjudicate and declare the rights and obligations of the parties under the policies pursuant to Rule 57, Federal Rules of Civil Procedure, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

## JURY DEMAND

Canal demands a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE Canal prays:

1. That the Court declare the rights and obligations of each of the parties with regard to the dispute;

2. That the Court declare that Canal has no duty under the Policies to defend or indemnify Trophy and Northmoor to extend coverage for the alleged damages sought by the Smiths through the Amended Complaint;

3. For costs of suit; and

4. Any other relief that the Court deems just and equitable.

DATED this 24th day of August, 2010.

SNOW, CHRISTENSEN & MARTINEAU

_____
Richard A. Vazquez
Levi J. Clegg
*Attorneys for Plaintiff*

Plaintiff's Address:
Canal Indemnity Company
P.O. Box 7
Greenville, SC 29602

012749-0013    1510376.1