Edward W. McBride, Jr. (8236)
**EDWARD W. McBRIDE, JR., P.C.**
2319 South Foothill Drive, Suite 220
Salt Lake City, Utah 84109
Telephone: (801) 531-1030
Facsimile: (801) 531-1224

*Attorney for Plaintiffs*

---

IN THE FOURTH JUDICIAL DISTRICT COURT IN AND FOR

UTAH COUNTY, STATE OF UTAH

---

| | |
|---|---|
| AARON SMITH and JENNICA SMITH, individually and on behalf of E    Sl   , a minor; E     Bl     , a minor: N S    , a minor; F     B     , a minor,<br><br>Plaintiff(s),<br><br>vs.<br><br>TROPHY HOMES, LLC, TRI-EQUITY BUILDERS, LLC, and NORTHMOOR DEVELOPMENT, LC,<br><br>Defendants. | THIRD AMENDED COMPLAINT<br><br>Case No.: 090404637<br><br>Judge: Lynn W. Davis |

Plaintiffs allege against Defendants Trophy Homes, LLC, Tri-Equity Builders and Northmoor Development, LC as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiffs are individuals residing in Utah County, Utah.

2. Upon information and belief, Trophy Homes, LLC ("Trophy Homes"), is a Utah Limited Liability Company with an office at 758 South 400 East, Orem, Utah.

1

3.  Tri-Equity Builders, LLC ("Tri-Equity"), is a Utah limited liability company with an office at 758 South 400 East, Orem, Utah. Tri-Equity is an alter-ego of and successor-in-interest of Trophy Homes.

4.  Northmoor Development, LC ("Northmoor"), is a Utah limited liability company with an office at 758 South 400 East, Orem, Utah. Northmoor is an alter-ego of and successor-in-interest of Trophy Homes and Tri-Equity.

5.  Gary Petersen is an individual who owns and controls all Defendants.

6.  Rod Staton is an individual who owns and controls all Defendants.

7.  This Court has jurisdiction over this matter under Utah Code Ann. § 78-3-4(1) because the real property at issue is in Utah County and the Parties reside in Utah County.

8.  Venue is proper in Utah County pursuant to Utah Code Ann. § 78-13-7 because the real property at issue is located in Utah County.

## GENERAL ALLEGATIONS

9.  Eagle Mountain is a planned project and community in Utah County.

10. Prior to September 2007, Trophy Homes submitted an application to Eagle Mountain on behalf of Northmoor Development, LC ("Northmoor") to obtain a building permit to construct a residence located at 9101 North Clubhouse Lane, Eagle Mountain, Utah (the "Residence").

11. Defendants' application to build the Residence was approved.

12. Northmoor contracted with Trophy Homes to build the Residence.

13. Trophy Homes built the Residence.

14. Eagle Mountain issued a Certificate of Occupancy relative to the Residence.

15. On or about July 2, 2007, Plaintiffs entered into a contract to purchase the Residence from Northmoor for $400,000.

16. Trophy, Tri-Equity and Northmoor represented that the Residence had been fully inspected at each stage of construction.

17. In September 2007, Plaintiffs closed on their purchase of the Residence. Plaintiffs moved into the Residence with their four children.

18. In the spring of 2009, Plaintiffs noticed drips of water on the inside window panes in the Residence.

19. On June 20, 2009, Plaintiffs discovered water leaking through three different windows in the Residence.

20. Water has leaked into nearly ever exterior wall in the Residence. It was seeped through the Residence's foundation, stucco, sidewalls, exterior walls, floors, doors, windows, window boxes, and roof.

21. The water damage to the Residence has caused damage in the form of dryrot, mold, staining, and degradation of the exterior stucco.

22. The Residence is uninhabitable because of mold and water damage.

23. Each Plaintiff experienced and received medical treatment for symptoms associated with mold exposure in the fall of 2009. Jennica Smith developed respiratory difficulties, and used an inhaler typically prescribed for asthma from November 2008 through November 2009.

24. Plaintiffs advised Defendants of the leaks and mold in the Residence in July 2009.

25. On or about November 19, 2009, Plaintiffs vacated the Residence and are now incurring costs associated with the loss of use of their home.

26. The mold and water in the Residence compromise its structural integrity.

27. The structural integrity of the Residence will be further compromised absent appropriate repairs.

28. The water intrusion and initial damage to the Residence stem from the failure of a sub-contractor to caulk staple holes in the house wrap and Defendants failure to obtain a lath inspection from Eagle Mountain City.

29. Upon information and belief, one or more of the subcontractors used to build the structure failed to properly seal holes created during the stapling of the house wrap to the Residence. In other words, the construction defect was limited to damaged plywood and holes in the house wrap which had not been sealed.

30. The subcontractor's defective work has caused further damage to Defendants' non-defective work.

31. The holes in the plywood which were not caulked has allowed moisture to penetrate the residence and mold has developed as a consequence thereof. The damage that has spread beyond the holes which were not caulked to the non defective components of the Residence wan an unintended accident, or an occurrence.

32. Each of the distinct defects described herein was a latent condition that Plaintiffs could not have discovered through ordinary diligence.

33. Each of the distinct defects described herein was a latent condition that manifested after Plaintiffs purchased and moved into the Residence.

34. Plaintiffs relied on Defendants' representations, warranties and expertise when they purchased the Residence and signed the July 2, 2007 contract.

35. Plaintiffs were unaware of these defects when they purchased the Residence.

36. Plaintiffs' monthly mortgage obligation on the Residence is $2400.00.

37. Plaintiffs have been damaged as a result of Defendants' breach of warranty.

**FIRST CAUSE OF ACTION**
**(Breach of Implied Warranty of Workmanlike Manner and Habitability)**

38. Plaintiffs repeat and incorporate the foregoing allegations.

39. Northmoor is a developer-vendor, and owed Plaintiffs certain limited fiduciary duties.

40. Plaintiffs purchased the Residence from Northmoor under a contract dated July 2, 2007. The Residence was new.

41. The Residence contained latent defects which manifested after Plaintiffs purchased the Residence.

42. The latent defects in the Residence were caused by improper design, material and workmanship.

43. The defects create questions of safety and make the Residence unfit for human habitation.

44. Defendants breached the warranty of workmanlike manner and habitability implied to the July 2, 2007 contract between Plaintiffs and Northmoor.

45. The Residence is worthless.

46. Plaintiffs have been deprived of the benefit of their bargain as a result of Defendants' breaches.

47. Plaintiffs were subjected to dangerous mold levels as a result of Defendants' breaches.

48. Plaintiffs were treated for mold exposure as a result of Defendants' breaches.

## SECOND CAUSE OF ACTION
(Negligence)

49. Plaintiffs repeat and incorporate the foregoing allegations.

50. Defendants owed Plaintiffs a duty to build a Residence that was fit for habitation.

51. Defendants breached their duty to Plaintiffs by building and selling them a Residence that subjected Plaintiffs to dangerous mold levels.

52. Defendants negligently hired inferior subcontractors to build the Residence.

53. Defendants negligently inspected the subcontractors work and failed to identify the construction defects which permitted water to enter and mold to grow in the house.

54. Defendants negligently obtained final approval from Eagle Mountain City despite the fact that the lath inspection had not been completed.

55. Defendants did not intend to skip the lath inspection.

56. Defendant negligently failed to request a lath inspection.

57. The lath inspection would have revealed the holes which needed to be caulked before the stucco could be applied.

58. As a result of Defendants' failure to request the lath inspection, the residence was approved for occupancy without passing all of the required inspections.

59. Defendants never intended to obtain final approval and a certificate of occupancy on the home without passing all of the required inspections, including the lath inspection.

60. Defendants did not know at the time that they had inadvertently had the house approved for occupancy through Eagle Mountain City without meeting all of the required inspections.

61. As a result of their negligence, Defendants sold a home that was dangerous and defective. Defendants should have known that the open holes in the house wrap would lead to

6

water entry and possible mold infestation which could cause personal injury and property damage.

62. Upon information and belief, Defendants would not have sold the residence to Plaintiffs if they had known that the lath inspection had been overlooked or neglected.

63. Defendants negligently obtained a certificate of occupancy on a residence which was dangerous to occupy.

64. As a result of Defendants' negligence as set forth above, the subcontractor's defective work caused damage to the Defendants' non-defective work.

65. Defendants' negligence caused direct and permanent damage to Plaintiffs' home, their personal property and their physical health and well-being.

66. Plaintiffs experienced and were treated for mold exposure as a result of Defendants' breaches.

67. Upon information and belief, Plaintiffs have sustained permanent physical injuries as a result of the exposure to the mold.

68. Plaintiffs have been damaged as a result of Defendants' negligence.

## PRAYER

WHEREFORE, the Plaintiffs pray for judgment against Defendants as follows:

1. Rescission of the contract and full return of consideration;
2. General and consequential damages;
3. Costs and attorneys' fees;
4. Prejudgment and pre-litigation interest at the lawful rate; and,
5. Such other and further relief as the court may determine.

EDWARD W. McBRIDE, JR., P.C.

_____
Edward W. McBride, Jr.
Attorney for Plaintiffs